FILED
CLERK, U.S. DISTRICT COURT
AUG - 8 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M&M PROPERTY MANAGEMENT,<br><br>    Plaintiff,<br><br> vs.<br><br>DAVID LOPEZ,<br><br>    Defendant. | CASE NO. CV 13-5202 UA (RZ)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

   The Court will remand this unlawful detainer action to state court because it was removed improperly.

   On July 18, 2013, David Lopez, the sole defendant in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

   Simply stated, Plaintiff M&M Property Management could not have brought this action in federal court in the first place, in that neither diversity jurisdiction nor federal-question jurisdiction exists, and therefore Defendant is not allowed to remove the action. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546,

563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Defendant does not assert diversity jurisdiction. (Nor could Defendant successfully do so. Even if complete diversity of citizenship existed and if Defendant had relied upon such jurisdiction, the amount in controversy in the removed action does not exceed the jurisdictional threshold of $75,000. On the contrary, Plaintiff's unlawful-detainer complaint bears a caption indicating that the amount in controversy does not exceed $10,000. Also, because Defendant resides in the forum state, Defendant cannot properly remove the action, at least to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).)

Nor does Plaintiff's unlawful detainer action raise any federal legal question. In any event, *Defendant's* contentions based on federal law are not relevant to removability. "For better or for worse . . . a defendant may not remove a case to federal court" based on a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (emphasis in original).

Defendant asserts a third basis for removal, namely "civil rights removal" pursuant to 28 U.S.C. § 1443. That statute states as follows, in pertinent part:

> Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To support removal under subsection (1), the notice of removal must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit [federal] statutory enactment protecting equal racial civil rights." *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir.2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636). A removal notice under subsection (2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws. *City of Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Defendant is neither a federal officer nor assisting such officers, and the Court thus focuses only on the first subsection.

Defendant identifies neither any "explicit [federal] statutory enactment protecting equal racial civil rights" nor any state statute or constitutional provision that "purports to command the [California] courts to ignore the federal rights." He complains that the plaintiff is a mere management firm with no ownership interest and, therefore, is not a proper real party in interest. He complains that the state court moved too quickly, before Defendant's foregoing objection, and several others, were addressed. And he alleges, without support, that "the California Superior Courts in Los Angeles County are no more likely, in 2013, to afford equal protection or due process of laws tha[n] [were] the Courts of Louisiana . . . in the early 1960s . . . ." Ntc. at 3. His allegations fail to satisfy the criteria for a valid civil rights removal. Federal courts in California have routinely rejected recent attempts at "civil rights removals" of unlawful detainer actions. *See, e.g., Investment Mgmt. Co. LLC v. Cholakian*, No. CV 13-2408 MMM JCx, 2013 WL 2417952 (C.D. Cal May 31, 2013), at *4-*5; *Wells Fargo Bank NA v. Vann*, No. CV 13-1146 YGR, 2013 WL 1856711 (N.D. Cal. May 2, 2013), at *3-*4; *Federal Nat'l Mtg. Ass'n v. Perez*, No. CV 13-1082 MMM SHx, 2013 WL 1010535 (C.D. Cal. Mar. 14, 2013); *Canterbury*

*Lots 68, LLC v. De La Torre*, No. CV 13-0712 MMM RZx, 2013 WL 781974 (C.D. Cal. Feb. 28, 2013). This improperly-removed action merits the same fate, namely remand.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 7/30/13

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE